UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY MORAGA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MINEV, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:23-CV-00620-ART-CLB<br><br>**ORDER DENYING MOTION FOR LEAVE TO ADD A DEFENDANT**<br><br>[ECF No. 22] |

Before the Court is Plaintiff Roy Moraga's ("Moraga") motion for leave to add a defendant, (ECF No. 22), in which he seeks to add Mark Hackmann, counsel for Defendant Nevada Department of Corrections ("NDOC"), as a Defendant. For the reasons discussed below, the Court denies the motion.

Mr. Hackmann is a Deputy Attorney General with the Nevada Attorney General's Office and represents the NDOC in this matter. Moraga asserts that Mr. Hackmann's "prejudicial" comments during the early inmate mediation requiring Moraga to "prove deliberate indifference" as the reason why Mr. Hackmann should be added as a defendant. (ECF No. 22.) This is inappropriate.

The Ninth Circuit has made it clear that "[w]hether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation." *Stapley v. Pestalozzi*, 733 F.3d 804, 810 (9th Cir. 2013) (internal quotation marks omitted) (quoting *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991)). When sued in official and individual capacities, the Ninth Circuit has held that an attorney general or deputy attorney general has absolute immunity, except they "are not immune from any actions that are wholly unrelated to or outside of their official duties." *Bly–Magee v. California*, 236 F.3d 1014, 1016 (9th Cir.2001). Even if the Court were to assume the truth of Moraga's allegation surrounding Mr. Hackmann's comments, such comments were made during

the ordinary scope of Mr. Hackmann's duties as a Deputy Attorney General. Therefore, the Court finds that Moraga lacks a basis to add Mr. Hackmann, and thus amendment would be futile.

Further, Local Rule 15-1 requires a party to attach proposed amended pleadings to a motion seeking leave of court to file an amended pleading. Here, Moraga filed a motion for leave to amend, but did not attach his proposed amended pleading.

Accordingly, **IT IS ORDERED** that Moraga's motion for leave to add a defendant, (ECF No. 22), is **DENIED**.

**DATED**: March 6, 2025.

**UNITED STATES MAGISTRATE JUDGE**